[449] REPUBLIC OF TEXAS VS. FISK AND WIFE — Appeal from Bastrop County.

The judgment of the district court of Bastrop county, sustaining a headright certificate granted by the board of land commissioners under the provisions of the 38th section of the general land law of 1837, affirmed.

This suit was brought by the appellees against the republic of Texas in conformity with the provisions of the act of congress of February 4, 1841, "supplementary to an act to detect fraudulent land certificates," etc.

The record presents the following facts: The wife of Fisk, one of the appellees, resided in Texas anterior to July, 1835. She was then a widow by the name of Lindsey, and owned two slaves over which she exercised dominion control, but having no children, she herself resided in the house of her father. In July, 1835, she received from the government of Coahuila and Texas a grant for a league of land as a colonist and the head of a family. This grant was for a tract of land, which it was afterwards found had been previously granted to another; and subsequently, in 1838, she presented it, under the provisions of the 38th section of the general land law of 1837, to the board of land commissioners of Bastrop county, in which she resided, to be cancelled. It was received and cancelled by that

board, and a certificate for an equal quantity of land was issued to her in lieu of it.  This certificate was not recommended for patent by the board of commissioners appointed under the act of 1840, "to detect fraudulent land certificates," [450] etc., and this suit was brought to establish it.  There being a verdict and judgment for the plaintiffs in the court below, the republic appealed.

*Harris*, Attorney General, for appellant, contended that Mrs. Lindsey was not the head of a family in contemplation of law, and therefore not entitled to a league of land as a headright.  He referred to 2d Partidas, 1231; Wood's Civil Law, 116; Laws of Coahuila and Texas, p. 18, articles 14 and 15; Land Law of 1837, sections 17, 20 and 28.

*Webb*, for appellees.  It is too late to inquire whether or not Mrs. Lindsey was entitled, under the colonization laws of Coahuila and Texas, to the land which was granted her in 1835.  It is not now an open question.  It is *res adjudicata*.  The commissioner who made the grant had full and complete jurisdiction over the subject.  He decided that she was entitled, and his decision was conclusive.  Colonization Laws of Coahuila and Texas, 15, 189; Commissioners' Instructions, id. 70, 146; 6 Pet. 729; 8 Pet. 452; 2 Pet. 163.

If the question were now an open one, it could be shown that Mrs. Lindsey was entitled as a colonist and *head of a family* to the land granted to her.  She was a widow; had all the components of a family, and was the head of that family.  It was not essential that she should reside in a house separate from another family.  As to what constitutes a family, see 2 Partidas, 1230; 1 Bouvier's Law Dic. p. 400; 1 Tom. L. D. 759; 2 Howard, U. S. 590; 2 White's Recop. 294; Diccionario de Legislacion, tit. Familia.

The duty of the investigating board of commissioners was to ascertain whether any fraud had been practiced upon or by the board which granted the certificate, and whether it had been granted according to law.  There is nothing to excite even a suspicion of fraud in this case, and by referring to the 38th section of the general land law of 1837, under which [451] this certificate was granted, it will be seen that the ac-

tion of the first board was in strict accordance with its provisions. The investigating board, therefore, either went beyond or did not perform its duty.

Mr. Justice LIPSCOMB delivered the opinion of the court.

This case has been held under advisement from the last term of the court, for the purpose of obtaining, if possible, the concurrence of a majority of the court in the principles that should govern our decision; but we have been unable to agree satisfactorily on the grounds of our judgment. We all, however, concur in the result that the judgment should be affirmed. In consequence of the considerations expressed, if we were each to give our opinions *seriatim*, no principle would be settled as authority; none, therefore, will be given. The judgment is affirmed.

---

[452] RESON FRANKLIN vs. JOHN MOONEY — Appeal from Nacogdoches County.

Parol testimony may be received to explain an ambiguity in a written contract under seal, and to show what the parties really meant, but it is wholly inadmissible when offered to vary or change the contract.

The relation existing between a step-father and step-son, a minor, is such that services rendered the step-son are a sufficient consideration to support a contract entered into by the step-father to pay for those services.

This suit was brought by the appellee against the appellant upon a written contract in the following words: "The republic of Texas, county of Nacogdoches. Know all men by these presents, that I, Reson Franklin, am held and firmly bound, and do hereby bind my heirs and assigns firmly unto John Mooney, his heirs and assigns, in the penal sum of five hundred dollars, good and lawful money, in witness whereof I do hereunto set my hand and affix my seal, this the 29th day of June, in the year of our Lord one thousand eight hundred and forty-two. The condition of the above obligation is such that if the said Mooney takes the place of Silas F. Starley (step-son of said Franklin) in the militia company formed on